UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **John P.,** | Civ. No. 20-11432 (KM) |
| Plaintiff, | |
| v. | **OPINION** |
| **COMMISSIONER OF SOCIAL SECURITY,** | |
| Defendant. | |

**KEVIN MCNULTY, U.S.D.J.:**

    John P. brings this action to review a final decision of the Commissioner of Social Security ("Commissioner") denying his claims for Title II Disability Insurance Benefits ("DIB") and Title XVI supplemental social security income on remand from this court. Upon reviewing and weighing certain evidence, the Administrative Law Judge ("ALJ") concluded that John P. was not disabled from October 26, 2012, through March 3, 2018, the date of the decision. John P. claims the ALJ's decision is not supported by substantial evidence.

    With the greatest respect and regard for the able and overburdened ALJs considering SSA applications, I must find that the ALJ's decision was not in accordance with the previous remand opinion in this case and therefore again **REMAND** this case to the Commissioner for further proceedings in accordance with that opinion.

1

I.  **BACKGROUND**[1]

John P. first applied for DIB pursuant to Sections 216(i) and 223(d) of the Social Security Act ("SSA") on September 13, 2016 and for supplemental social security income pursuant to section 1614(a)(3)(A) of the Social Security Act on November 1, 2013, alleging disability as of July 1, 2011. (AR 16.) John P.'s application was denied initially and on Reconsideration. (AR 73–103.) John P. requested a hearing before an ALJ to review her application de novo. (AR 173–75.) A hearing was held on March 23, 2016, before ALJ Donna A. Krappa, who issued a decision on September 1, 2019. ALJ Krappa denied disability at step five of the sequential evaluation, on the grounds that, although John P. could no longer perform his past relevant work, he is capable of adjusting to a range of light work that accommodates his limitations and exists in significant numbers in the national economy. (AR 20–26.)

John P. requested Appeals Council Review of ALJ Krappa's decision, but his request was denied on November 15, 2017. This denial rendered ALJ Krappa's decision the final decision of the Commissioner. (R 1–5.) John P. then appealed that decision to this court, pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Judge Stanley Chesler handled John P.'s initial appeal under case number 18-cv-796.[2] On April 17, 2019, Judge Chesler issued a short opinion remanding John P.'s case to the Commissioner and holding that ALJ Krappa's decision was improperly unclear about the relevant periods for determining

---

[1]  Certain citations to the record are abbreviated as follows:

    DE = docket entry in this case

    AR = Administrative Record (DE 9)

    Pl. Br. = Plaintiff's brief in support of its remand (DE 19)

[2]  It appears that John P.'s surname was misspelled in the caption of his initial appeal. The two opinions by Judge Chesler appear in the administrative record at AR 936-54.

2

whether John P. was disabled and conflating the periods for DIB and SSI eligibility. (AR 937.)

After this first opinion was issued, the Commissioner moved for reconsideration. (AR 948–49.) On October 30, 2019, Judge Chesler issued a more detailed opinion, denying reconsideration and giving additional reasons for remand.

Judge Chesler explained that he was remanding the case for two primary reasons. First, the ALJ's decision did not properly distinguish between the different time periods for DIB and SSI benefits. To receive DIB benefits, John P. had to prove he was disabled before his date last insured ("DLI"), which was December 31, 2012. (AR 951.) John P. was not eligible for SSI until December 1, 2013, so evidence from before that date, although it may be relevant to his DIB application had no relevance to his SSI application. (AR 950–51.) Judge Chesler wrote that there was "no dispute that the ALJ's decision contains no reference to the time frame applicable to an SSI application under the Regulations, and that the ALJ applied the DBI time frame to the entire decision." (AR 951.) In addition, he held that "[f]or the SSI determination, the reviewers should have considered the evidence regarding Plaintiff's impairments as of the date of application, November 1, 2013, and after." (AR 951.) He then determined that John P. was prejudiced by these errors and concluded that "[t]he ALJ failed to appreciate important differences in the law regarding DIB and SSI applications, and erred by applying the time frame for DIB benefits to an application for SSI benefits." (AR 953–54.)

Second, Judge Chesler held that the non-exertional limitations of John P.'s residual functional capacity ("RFC") were not supported by substantial evidence for two reasons. Judge Chesler found first that "the ALJ made speculative inferences from medical reports and arrived at her own lay opinion about what the medical evidence demonstrated." (AR 952.) Judge Chesler then also found that the ALJ's opinion contained no analysis of whether John P's repeated psychiatric hospitalizations 'might indicate relevant nonexertional limitations." (AR 953.) Judge Chesler made clear that upon remand, the ALJ

3

was to issue a second decision in accordance with both his initial and reconsideration opinions. (AR 954.)

To summarize: the second round of proceedings should have been held in accordance with Judge Chesler's opinions. Specifically, the ALJ was required to properly distinguish the time frames for DIB and SSI benefits, base her opinion of his non-exertional limitations on the medical evidence rather than lay opinion, and take account of the impact of John P's psychiatric hospitalizations.

A second hearing took place before ALJ Krappa on February 12, 2020. (AR 833–72.) She issued her second opinion on April 29, 2020. (AR 802.) While his appeals were adjudicated, John P. had filed a new disability petition and was found to be disabled for the purposes of SSI beginning on March 3, 2018. (AR 805.) ALJ Krappa thus focused only on the period before March 3, 2018, and again determined that John P. was not disabled for the period between October 26, 2012 and March 2, 2018.[3] (*Id.*)

The ALJ's second opinion is significantly longer than the first, but it still generally discusses the DIB and SSI periods simultaneously, though it does at two critical points distinguish between the two periods regarding John P.'s limitations. (AR 820, 821.)

With regard to the RFC analysis of John P.'s mental limitations, the brief paragraph concluding that he suffers from only moderate limitations contains only one citation to the record.[4] (AR 821.) This paragraph makes no reference

---

[3]   John P. had amended the alleged onset date of his disability from July 1, 2011 to October 26, 2012 to coincide with his being struck by a pickup truck. (AR 813.)
[4]   John P.'s full RFC was determined as follows:

> from October 26, 2012, to March 3, 2018, the claimant was capable of the exertional demands of a reduced range of light work as defined under the Regulations; specifically, he was able to lift and carry 20 pounds occasionally and 10 pounds frequently; stand and/or walk for 2 hours in an 8-hour workday; sit for 6 hours in an 8-hour workday (if given the opportunity at the 45-minute to 1-hour mark to stand and stretch for 3-5 minutes); and perform unlimited pushing and/or pulling within the weight restriction given. Moreover, regarding the postural and

to John P.'s repeated psychiatric hospitalizations. Although the opinion references four separate hospitalizations it does not connect those hospitalizations to John P.'s RFC. (AR 811, 817, 818.)

The opinion concludes that given John P.'s RFC, there exist a significant number of jobs in the national economy that John P. could perform. Specifically, the opinion mentions: ticket seller (Dictionary of Occupational Titles ("DOT") 211.467-030); mail clerk, non-government (DOT 209.687-026); and price marker (DOT 209.587-034). (AR 823.) The opinion thus concludes that John P. was not under a disability for the entirety of October 26, 2012 to March 2, 2018 and thus is eligible for neither DIB nor SSI for that period. (AR 823.)

## II. DISCUSSION

John P. argues that the ALJ did not make her decision in accordance with Judge Chesler's opinions. (Pl. Br. at 4.) I agree.

Judge Chesler's opinions required three things: 1) that the ALJ adequately distinguish between the DIB and SSI periods; 2) that the ALJ base her discussion of John P.'s RFC on the objective medical evidence, factoring out lay opinion; and 3) that the RFC take into account John P.'s repeated psychiatric hospitalizations. (AR 950–54.)

To be clear, I do not presume to analyze the matter *de novo*; rather, I take Judge Chesler's analysis as a given, and analyze only whether the

---

environmental demands of work, I find that the claimant was able to perform jobs that require no use of ladders, ropes, or scaffolds; that require only occasional use of ramps or stairs; and that require occasional balancing, stooping, kneeling, crouching, and/or crawling; and that require no exposure to undue amounts of dust, fumes, or known chemical irritants. Furthermore, as to the mental demands of work, I find that the claimant was able to perform jobs that are simple and repetitive, and that are low stress (that is, these jobs require only an occasional change in the work setting during the workday, only an occasional change in decision making required during the workday, and, if production based, production is monitored at the end of the day rather than consistently throughout the workday).

AR (811.)

5

proceedings on remand conformed with Judge Chesler's instructions. I find that the second decision of the Commissioner was in accordance with the first of those instructions, but not with the second or third.

Although the opinion generally examines the entire 2012 to 2018 period, it does distinguish between the DIB and SSI periods when reaching its conclusions. (AR 820–21.) This is made relatively easy by the fact that the period between the amended alleged onset of John P.'s disability and the DLI is quite short. The vast majority of the time period under examination was relevant only to SSI eligibility. Although Judge Chesler's opinion could be read to require parallel opinions on DIB and SSI, I find that the ALJ's opinion was clear enough; it properly distinguished between the DIB and SSI inquiries and did not use medical evidence from the time before John P.'s SSI eligibility to find that he was not disabled for the purposes of SSI. That is sufficient.

In contrast, there is still very little explicit connection made between the objective medical evidence and the conclusion that John P.'s mental limitations are only moderate. The ALJ's opinion stated that "[d]espite noncompliance with prescribed psychotropic medications, the claimant's attention/concentration and cognition/memory have remained intact, speech/language normal, and thought process goal directed" citing three exhibits from the record. (AR 821.) Although this is an improvement over the previous opinion, which was guided solely by lay opinion, it still fails to lay out any specific connections between John P.'s mental limitations and the RFC. For example ,there is no discussion of John P.'s apparent dependence on prescribed opioids that led to one of his hospitalizations. (AR 818.) The mental RFC of the second opinion thus remains unsupported by substantial evidence. If the record is insufficient in the ALJ's view, then the ALJ may take steps to develop it further.

Finally, although John P.'s multiple psychiatric hospitalizations are referenced in the opinion, they were not taken into account when devising John P.'s mental RFC, as Judge Chesler had specifically instructed. (AR 953.) It is plausible that these hospitalizations may have affected John P.'s ability to

work between 2012 and 2018, and therefore must be considered when devising his RFC.

Proceedings on remand will be undertaken in accordance with this opinion and, more importantly, with Judge Chesler's two opinions, which are already part of the administrative record.

### III.   CONCLUSION

For the foregoing reasons, the Commissioner's decision is REVERSED and REMANDED. An appropriate order accompanies this Opinion.

Dated: January 18, 2022

/s/ Kevin McNulty
_____
**Hon. Kevin McNulty
United States District Judge**